UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAMSON STRONG, SARAH ) <br> BARNARD, JIM CHENEY, SUSAN ) <br> DRURY, KIM HENKE, and ) <br> JENNIFER SMITH, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TENNESSEE BUREAU OF ) <br> ETHICS AND CAMPAIGN FINANCE, ) <br> REGISTRY OF ELECTION FINANCE; ) <br> and TOM LAWLESS, PATRICIA HEIM, ) <br> NORMA LESTER, and TOM MORTON, ) <br> in their official capacities as members of the ) <br> Tennessee Bureau of Ethics and Campaign ) <br> Finance, Registry of Election Finance, ) <br> ) <br>     Defendants. ) | Case No. 3:15-cv-0739 <br> Judge Aleta A. Trauger |

## **MEMORANDUM & ORDER**

Pending before the court is a Motion to Dismiss (Docket No. 7) filed by the defendants Tennessee Bureau of Ethics and Campaign Finance, Registry of Election Finance (the "Registry") and Tom Lawless, Patricia Heim, Norma Lester, and Tom Morton ("Registry Members"), to which the plaintiffs have filed a Response in opposition (Docket No. 16), and the defendants have filed a Reply (Docket No. 18). For the foregoing reasons, the case will be stayed pending the resolution of ongoing proceedings in the State of Tennessee. Accordingly, the Motion to Dismiss will be denied as moot.

## **BACKGROUND**

The plaintiffs, Sarah Barnard, Jim Cheney, Susan Drury, Kim Henke, and Jennifer Smith, are all Tennessee citizens and parents of students enrolled in the Williamson County School District who are associated with the unincorporated group, plaintiff Williamson Strong ("WS"). WS has been involved in encouraging voting in school board elections and disseminating information and facilitating discussion about school board candidates and election issues.

The Registry was created by the Tennessee legislature to enforce the Campaign Financial Disclosure Act (TENN. CODE ANN. § 2-10-101, *et seq*.). The Registry Members comprise four of the members of the Registry who were involved in Registry proceedings against the plaintiffs.

On June 2, 2015, the Registry assessed two Class 2 civil penalties against WS, in the amount of $2,500 each, for violations of TENN. CODE ANN. §§ 2-10-(105)(e)(1) and 2-10-105(c)(1). These statutes require political campaign committees to file statements with the Registry and to certify a treasurer, respectively. In finding that WS is a political campaign committee subject to these requirements, the Registry relied on TENN. CODE ANN. § 2-10-102(12)(A), which defines a political campaign committee as, among other things,: "A combination of two (2) or more individuals, including any political party governing body, whether state or local, making expenditures, to support or oppose any candidate for public office or measure, but does not include a voter registration program."

On July 1, 2015, WS filed with the Registry a Petition for Review and Hearing Regarding Order Assessing Civil Penalties.[1]

On that same day, the plaintiffs filed the instant action against the defendants, naming the Registry Members in their official capacities only (the "Complaint"). (Docket No. 1.)

---

[1] A copy of this filing is attached to the defendants' Motion to Dismiss. (Docket No. 7, Ex. 3.)

The Complaint contains claims for violations of the First Amendment of the United States Constitution and Article 1, § 19 of the Tennessee Constitution and seeks injunctive and declaratory relief, as well as damages and attorneys' fees. Specifically, the Complaint challenges the enforceability of TENN. CODE ANN. § 2-10-102(12)(A), which was relied upon by the Registry in its assessment of civil penalties. The Complaint also alleges a series of procedural violations and other misconduct on the part of the Registry Members in conducting the proceedings against WS, including the allegation that "the Registry has taken action against Plaintiffs because of the Registry members' disapproval of the content of their speech."[2] (Complaint ¶ 102.)

On July 30, 2015, the defendants filed the pending Motion to Dismiss (Docket No. 7) for lack of jurisdiction and failure to state a claim, along with a supporting Memorandum (Docket No. 8), arguing that the plaintiffs' claims are subject to dismissal 1) under the doctrine of

---

[2] The court notes that, despite these allegations, the plaintiffs have not named as defendants any of the Registry Members in their *individual* capacities, nor have they pled any grounds for holding the Registry liable for the alleged misconduct of the Registry Members that may exceed the scope of their authority. The plaintiffs argue that the court should read the Complaint to include individual capacity claims against the Registry Members named in their official capacities, to the extent that they acted outside of the scope of their official authority as Tennessee officials, citing the Sixth Circuit case *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001). In *Moore*, however, defendants were named in the caption without any specification as to either individual or official capacity and without mention of their official titles, and the complaint referenced them as "individual defendants," "acting for themselves." Here, by contrast, the Registry Members are expressly named in the Complaint caption in their official capacities only and, while the allegations within the Complaint suggest there may be individual liability, it is not entirely clear from the Complaint that Plaintiffs intend to pursue individual liability claims. The plaintiffs, therefore, may wish to amend their complaint to name any or all of the Registry Members in their individual capacities, especially in light of potential Eleventh Amendment sovereign immunity concerns raised by the defendants with respect to the plaintiffs' official capacity claims.

3

abstention set forth in *Younger v. Harris*, 401 U.S. 37 (1971) 2) under Eleventh Amendment principles of sovereign immunity with respect to the claims for violations of the U.S. Constitution, and 3) for failure to state a claim and state law sovereign immunity regarding the plaintiffs' claims for violation of the Tennessee Constitution.

## *YOUNGER* ABSTENTION

In *Younger*, the Supreme Court held that, absent extreme circumstances, federal courts should not intervene to review constitutional challenges to state statutes brought by parties subject to pending state criminal proceedings under those statutes. *Younger*, 401 U.S. at 54 (1971) ("[T]he possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good faith attempts to enforce it."). The Supreme Court later extended the *Younger* doctrine to apply where certain state civil and administrative enforcement proceedings are pending in which the state is a party and they involve enforcement of state law. *See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (applying *Younger* abstention where there were pending state bar disciplinary proceedings and holding that application of the doctrine is appropriate where there are ongoing civil proceedings that implicate an important state interest and provide an adequate opportunity to raise constitutional challenges); *see also Danner v. Bd. of Prof'l Responsibility of the Tenn. Supreme Court*, 277 F. App'x 575, 578 (6th Cir. 2008) (same). "[I]t is sufficient under *Middlesex* that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc*., 477 U.S. 619, 629 (1986) (holding that *Younger* abstention applies where Ohio Civil Rights Commission proceedings were pending at the time the federal district court action was filed).

4

In this case, it is clear that the parties are subject to ongoing state administrative enforcement proceedings such that the application of *Younger* abstention is warranted here. The Registry has statutory authority to enforce state laws through proceedings that include hearings, review of evidence, and the issuance of orders and assessment of civil penalties.[3] TENN. CODE ANN. § 2-10-207. Proceedings before the Registry related to this action are necessarily ongoing because, on the same date that this action was filed, the plaintiffs also filed a request with the Registry for rehearing and review of the civil penalties assessed against them, and those proceedings are currently pending. The Registry proceedings necessarily implicate important state interests because they relate to the enforcement of Tennessee's campaign finance laws. *See Fieger v. Cox*, 524 F. 3d 770, 775 (6th Cir. 2008) (holding that the regulation of campaign financing is an important state interest under *Younger*). Finally, the plaintiffs will have an opportunity to have their constitutional claims heard in state court judicial proceedings if the Registry upholds the civil penalties assessed against them. (*See* Docket No. 7, Ex. 2 (the "Order

---

[3] The plaintiffs argue that the action pending before the Registry is not akin to a criminal prosecution and therefore not the type of civil action that should be subject to *Younger* abstention, however they cite no case law that suggests that a civil enforcement proceeding must have all of the elements of a criminal proceeding in order for *Younger* to apply. (Docket No. 16 at p. 12.) In support of this argument, the plaintiffs cite only to *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975). In fact, however, the *Huffman* Court held that *Younger* applied where there were pending state civil proceedings involving violations of the state nuisance statutes, without suggesting that the proceedings mirrored a criminal prosecution, consistent with the rule as laid out in *Middlesex* and *Ohio Civil Rights Comm'n*. *Huffman*, 420 U.S. at 604. The other arguments raised by the plaintiffs address extraneous reasons why it is important for the court to review this matter, rather than the legal standard for abstention under *Younger*. The court acknowledges the significance of the plaintiffs' claims but is not convinced that these concerns impact the abstention analysis. The court is not declining to review the plaintiffs' claims in this action but, rather, simply staying the matter until there has been an opportunity for complete review in state court as required by precedent.

Assessing Civil Penalties" against the plaintiffs, which states that "[a] person aggrieved by this Order may obtain a contested case hearing" and noting that this may be done after the Registry has issued a determination with respect to the plaintiffs' request for reconsideration)); *see also* TENN. CODE ANN. § 4-5-322 ("A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. . . ."); TENN. CODE ANN. § 2-10-209 (indicating that judicial review is conducted in state chancery courts).[4]

Moreover, the Sixth Circuit has previously held that *Younger* abstention is applicable in cases where there are pending investigations by other state administrative entities that – like the Registry – oversee enforcement of state election laws. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 634 (6th Cir. 2005) (holding that *Younger* abstention applies to parties subject to an ongoing investigation before the Ohio Election Commission and that such hearings are "judicial in nature" because they include a review of evidence, a formal decision, and the opportunity to appeal in the Ohio State courts); *N. Ky Right to Life Comm., Inc. v. Ky Registry of Election Fin.*, 134 F.3d 371 (table), 1998 WL 13405, at *5 (6th Cir. Jan 7, 1998) (citing *Ohio*

---

[4] Despite raising allegations of misconduct and violations of procedural rules by Registry Members in carrying out the proceedings against the plaintiffs, the plaintiffs do not allege that the exception to *Younger* abstention for bad faith prosecutions or harassment is applicable here. The court notes that such an exception does not apply because it is reserved for extreme situations where a plaintiff has demonstrated that he or she cannot obtain relief in any state court, not for cases where – as here – the plaintiff has not yet even sought state court review. *See Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 539 (6th Cir. 2001) (reversing a district court's finding that bad faith precluded *Younger* abstention where the state defendant had failed to follow established procedures in proceedings against plaintiff and stating: "Although the Supreme Court has recognized that bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine, we have found no Supreme Court case that has ever authorized federal intervention under this exception. Such cases thus are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court.")

*Civil Rights Comm'n*, 477 U.S. at 627) (holding that *Younger* abstention applies where there is a pending investigation into violations of campaign finance laws by the Kentucky Registry of Election Finance, which included hearings and discovery that will ultimately be referred to the state attorney general and be subject to complete judicial review).

Accordingly, the court finds that *Younger* abstention applies to this action and will stay the proceedings until the matter has been fully resolved in state court. The court will thus not reach immunity and jurisdictional issues at this time, or any other grounds for dismissal raised by the defendants. The court notes, however, that these issues may provide a basis for dismissal of some or all of the plaintiffs' claims, if and when this action returns to federal court.

## CONCLUSION

For the reasons discussed herein, this action is hereby **STAYED** pending resolution of ongoing state proceedings (*In the Matter of Williamson Strong*, No. C-15-01 (Tenn. Bureau of Ethics and Campaign Fin. filed Jul. 1. 2015)). The parties shall file a joint report with this court within 30 days of the final judgment in the ultimate administrative enforcement proceeding or state judicial proceeding to advise the court as to the status of this matter. Accordingly, the Motion to Dismiss (Docket No. 7) is hereby **DENIED AS MOOT**.

It is so **ORDERED**.

Enter this 2nd day of October, 2015.

ALETA A. TRAUGER
United States District Judge